**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ ________ Original Plan

☒ SECOND Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ ________ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Alejandro A. Randazzo JOINT DEBTOR: ________ CASE NO.: 26-15061-PDR

SS#: xxx-xx- 7727 SS#: xxx-xx-________

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans must be served on all creditors as required by Local Rule 2002-1(b) and a certificate of service must be filed as required by Local Rule 9036-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section IX | ☒ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

A. **MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $2,906.17 for months 1 to 60 ;

B. **DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE ☐ PRO BONO

Total Fees: $5,200.00 Total Paid: $3,000.00 Balance Due: $2,200.00

Payable $2,200.00 /month (Months 1 to 1 )

Allowed fees under Local Rule 2016-1 are itemized below:
Safe Harbor: $5,000.00 Attorney's Fees + $200.00 Costs = $5,200.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS ☐ NONE

A. **SECURED CLAIMS:** ☒ NONE

B. **VALUATION OF COLLATERAL:** ☒ NONE

C. **LIEN AVOIDANCE** ☒ NONE

D. **SURRENDER OF COLLATERAL:** ☒ NONE

E. **DIRECT PAYMENTS** ☐ NONE

The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights. Secured claims filed by any creditor granted stay relief in this section will not receive a distribution from the chapter 13 trustee. The requirement of Fed. R. P. 3002.1 will cease to apply to any claim listed in this section upon confirmation of this plan.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | First Horizon Bank POC#5 | 2250 | 311 Poinciana Island Drive Unit 801, Sunny Isles Beach, FL 33160 |
| 2. | Bank of Clarke Axos Bank, as servicer for Bank of Clarke POC#9 | 2641 | 2016 THUNDERBIRD PRODUCTS INC VESSEL Hull ID: TNRD9594I516 |

**IV. TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)] ☐ NONE

**A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

**B. INTERNAL REVENUE SERVICE:** ☐ NONE

Total Due: $48,996.46 Total Payment $48,996.46

Payable: $415.55 /month (Months 1 to 1 )

Payable: $823.41 /month (Months 2 to 60 )

**C. DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

**D. OTHER:** ■ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS** ☐ NONE

**A.** Pay $0.00 /month (Months 1 to 1 )

Pay $1,792.15 /month (Months 2 to 60 )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

**B.** ■ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

**C.** SEPARATELY CLASSIFIED: ☐ NONE

1. Name of Creditor: Amerant Bank, N.A. — Claim No. 10 — $3,323,451.38

   Payment Address: Carlton Fields, P.A.; Attn: J Ryan Yant 4221 W Boy Scout Blvd., Ste. 1000 Tampa FL 33611

   Last 4 Digits of Account No.: 7727

   Basis for Separate Classification: Business guaranty obligation of DAX International Brokers, Inc., the primary obligor, which is separately treating the underlying secured indebtedness in its pending Chapter 11 case, Case No. 26-15092-CLC. See Part IX.

   Payable $0.00 /month (Months 1 to 60 )

2. Name of Creditor: Navitas Credit Corp. — Claim No. 6 — $19,776.74

   Payment Address: Navitas Credit Corp 201 Executive Center Drive Suite 100 COLUMBIA, SC 29210

   Last 4 Digits of Account No.: 1218

   Basis for Separate Classification: Business guaranty obligation of DAX International Brokers, Inc., the primary obligor, which is separately treating the underlying secured indebtedness in its pending Chapter 11 case, Case No. 26-15092-CLC. See Part IX.

   Payable $0.00 /month (Months 1 to 60 )

3. Name of Creditor: Navitas Credit Corp. — Claim No. 7 — $11,685.78

   Payment Address: Navitas Credit Corp 201 Executive Center Drive Suite 100 COLUMBIA, SC 29210

   Last 4 Digits of Account No.: 7424

   Basis for Separate Classification: Business guaranty obligation of DAX International Brokers, Inc., the primary obligor, which is separately treating the underlying secured indebtedness in its pending Chapter 11 case, Case No. 26-15092-CLC. See Part IX.

   Payable $0.00 /month (Months 1 to 60 )

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

**VI. STUDENT LOAN PROGRAM** ■ NONE

**VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ☐ NONE

Secured claims filed by any creditor/lessor granted stay relief in this section will not receive a distribution from the chapter 13 trustee.

■ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Collateral | Acct. No. (Last 4 Digits) | Assume/Reject |
|---|---|---|---|---|
| 1. | Chase Card Services | 2024 Land Rover Defender VIN: SALE2FEUXR2267669 | 9299 | ■ Assume ☐ Reject |

**VIII. INCOME TAX RETURNS AND REFUNDS:**

■ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

**IX. NON-STANDARD PLAN PROVISIONS** ☐ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

TREATMENT OF DAX INTERNATIONAL BROKERS, INC. GUARANTY CLAIMS

Amerant Bank, N.A., Proof of Claim No. 10 in the amount of $3,323,451.38; Navitas Credit Corp., Proof of Claim No. 6 in the amount of $19,776.74; and Navitas Credit Corp., Proof of Claim No. 7 in the amount of $11,685.78 (collectively, the "DAX Guaranty Claims") arise from the Debtor's personal guaranties of obligations for which DAX International Brokers, Inc. ("DAX") is the primary obligor. DAX is presently a debtor in Chapter 11 Case No. 26-15092-CLC in the United States Bankruptcy Court for the Southern District of Florida.

The DAX Guaranty Claims are separately classified under Section V.C of this Plan. The Chapter 13 Trustee shall make no distribution on account of the DAX Guaranty Claims during the term of this Plan unless otherwise agreed by the affected creditor, ordered by the Court, or provided by a subsequent modification of this Plan.

The underlying indebtedness represented by the DAX Guaranty Claims is being paid, treated, or otherwise addressed by DAX in its Chapter 11 case and from DAX's assets and collateral. The amount ultimately remaining enforceable against the Debtor on each DAX Guaranty Claim shall be reduced dollar-for-dollar by any payment, distribution, credit, collateral proceeds, sale proceeds, settlement proceeds, insurance proceeds, recovery from any co-obligor or guarantor, legally applicable setoff or recoupment, or other value actually received and applied by the holder toward satisfaction of the same underlying indebtedness.

No holder of a DAX Guaranty Claim shall receive more than full satisfaction of the underlying indebtedness from all obligors, collateral, and sources combined. Nothing contained in this Plan shall prevent a holder from applying payments and collateral proceeds in accordance with its loan documents and applicable law.

The Debtor does not seek through this Plan to disallow, release, extinguish, or otherwise modify the underlying guaranty obligations represented by the DAX Guaranty Claims, except to require appropriate credit for payments and other amounts actually received and applied against the underlying indebtedness and to prevent duplicative recovery.

Except as expressly provided herein, the contractual rights of the holders of the DAX Guaranty Claims against the Debtor are left unaffected. Nothing in this Plan is intended to release or discharge any unpaid balance of a DAX Guaranty Claim merely because DAX is making payments upon the underlying indebtedness. Any rights of the holder against the Debtor remain subject to the automatic stay and other applicable bankruptcy law while this Chapter 13 case remains pending.

If DAX satisfies an underlying indebtedness in full, the corresponding DAX Guaranty Claim against the Debtor shall be deemed satisfied to the same extent. If DAX fails to satisfy the underlying indebtedness, the affected creditor retains its contractual rights against the Debtor for the remaining unpaid balance, after application of all payments, credits, proceeds, and other recoveries received on account of that indebtedness.

-

The amount of any ultimate net deficiency for which the Debtor may remain responsible is contingent upon and subject to reduction based upon DAX's performance, application of collateral, and all other payments and recoveries received on the underlying indebtedness.

-

For purposes of Section V.B, the Debtor's election to pay one hundred percent (100%) of allowed unsecured nonpriority claims applies to the general unsecured nonpriority class and does not alter the separate treatment of the DAX Guaranty Claims expressly set forth in Section V.C and Part IX of this Plan.

-

Confirmation of the plan shall not bar Debtor's counsel from filing an Application for Compensation for any work performed before confirmation.

☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| | | | |
|---|---|---|---|
| Debtor | Date | Joint Debtor | Date |
| Alejandro A. Randazzo | | | |

/s/ Jose A. Blanco, Esq. ____________ Date

Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.