UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re: Alejandro A Randazzo

Case No.: 26-15061-PDR
Chapter 13

Debtor /

**DEBTOR'S MOTION TO SEPARATELY CLASSIFY THE UNSECURED GUARANTY CLAIMS OF NAVITAS CREDIT CORP.**

Debtor, Alejandro A. Randazzo ("Debtor"), by and through undersigned counsel, respectfully moves this Court for entry of an Order authorizing separate classification and treatment of the unsecured guaranty claims filed by Navitas Credit Corp. ("Navitas"), Claims Nos. 6 and 7, pursuant to 11 U.S.C. §§ 1122 and 1322(b)(1) and (b)(2), and in support thereof states:

**I. BACKGROUND**

1. On April 22, 2026, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. On June 22, 2026, Navitas filed two general unsecured claims arising from personal guaranties of equipment financing incurred by DAX International Brokers, Inc. ("DAX"): Claim No. 6 for $19,776.74 (account ending 1218), and Claim No. 7 for $11,685.78 (account ending 7424).

3. DAX is the primary obligor on the underlying business obligations. Debtor signed separate guaranties, and Navitas claims security interests in DAX business equipment, not in Debtor's individually owned property by virtue of that collateral.

4. On April 22, 2026, DAX separately filed a Chapter 11 bankruptcy case in this Court, Case No. 26-15092-CLC.

5. On August 20, 2026, DAX filed its proposed Chapter 11 Plan of Reorganization (ECF No. 82). Classes 6 and 7 of that proposed plan address these same Navitas obligations as secured claims in the amounts of $19,776.74 and $11,685.78, respectively. The proposed treatment provides for DAX to continue making the contractual payments and to cure arrearages as specified in the plan.

6. On September 15, 2026, Debtor filed his Second Amended Chapter 13 Plan (ECF No. 56). Section V.C separately classifies Navitas Claims Nos. 6 and 7, each at $0.00 per month for months 1 through 60; Part IX sets out the proposed nonstandard treatment and preserves the creditors' rights as stated therein.

## II. BASIS FOR SEPARATE CLASSIFICATION

7. Section 1322(b)(1) permits a Chapter 13 debtor to classify unsecured claims in accordance with § 1122, provided the classification does not discriminate unfairly among unsecured creditors. Section 1322(b)(2) permits a plan to modify the rights of unsecured creditors or leave the rights of a class unaffected.

8. In *In re Abaunza*, 452 B.R. 866 (Bankr. S.D. Fla. 2011), the Court considered separate treatment of unsecured obligations paid outside a Chapter 13 plan under the unfair-discrimination standard. Debtor requests that the proposed treatment here be considered under that standard in connection with confirmation.

9. Separate classification is requested because these are guaranties of DAX business obligations; Navitas holds recourse to DAX and its corporate collateral; DAX is separately proposing to pay the underlying obligations through Chapter 11; and Debtor seeks to avoid duplicative Chapter 13 Trustee payments without disallowing the guaranties or releasing any unpaid balances. The ordinary general

unsecured class is proposed to receive 100% of allowed claims, subject to the separate treatment stated in the Plan.

## III. PROPOSED TREATMENT OF CLAIMS NOS. 6 AND 7

10. Debtor requests approval of the treatment contained in Sections V.C and IX of his Second Amended Chapter 13 Plan (ECF No. 56), as follows:

a. **No Chapter 13 Trustee Distribution**. The Trustee shall make no distribution on Claims Nos. 6 and 7 during the Plan term unless otherwise agreed by the affected creditor, ordered by the Court, or provided by a subsequent plan modification.

b. **Treatment in DAX Chapter 11**. The underlying indebtedness is being addressed by DAX in its separate Chapter 11 case, pursuant to the terms ultimately approved in that case and the applicable loan documents.

c. **Dollar-for-Dollar Credits**. Payments, distributions, collateral proceeds, settlement proceeds, applicable setoffs, and other amounts actually received and applied by Navitas in satisfaction of the same underlying indebtedness shall reduce the corresponding unpaid debt for which Debtor may remain responsible, as provided by the governing agreements and law.

d. **No Double Recovery**. Navitas may not obtain more than full satisfaction of the same underlying indebtedness from all obligors, guarantors, collateral, and other sources combined.

e. **Collection Against Debtor**. Any efforts to collect from Debtor personally remain subject to the automatic stay under 11 U.S.C. § 362 for so long as that stay applies, unless relief from the stay is granted by an applicable court order.

f. **Preservation of Guaranty Rights**. Except as expressly provided in the Plan, Navitas's contractual rights against Debtor remain unaffected. The Plan does not seek to disallow, release, or extinguish an unpaid guaranty balance merely because DAX is addressing the underlying debt in Chapter 11.

g. **Remaining Balance**. If DAX fails to pay the underlying indebtedness in full, Navitas retains its otherwise enforceable rights against Debtor as to any unpaid balance after all required credits, subject to applicable bankruptcy law.

11. The proposed separate classification avoids duplicative trustee distributions while preserving Navitas's rights. Debtor does not seek to disallow Claims Nos. 6 or 7 or have those claims treated as zero for all purposes.

12. This Motion does not request a determination of Debtor's eligibility under § 109(e), does not adjudicate discharge of the guaranties, and remains subject to the requirements of § 1325 and confirmation of ECF No. 56.

**WHEREFORE**, Debtor respectfully requests entry of an Order:

A. Authorizing Debtor to separately classify Navitas Claims Nos. 6 and 7 pursuant to 11 U.S.C. § 1322(b)(1) and (b)(2);

B. Approving, subject to confirmation of ECF No. 56, the proposed $0.00 Chapter 13 Trustee distributions on those claims;

C. Recognizing that amounts actually received and applied on the DAX indebtedness are to be properly credited to determine any remaining balance;

D. Preserving Navitas's contractual rights against Debtor for any unpaid balance, subject to the automatic stay while applicable and other bankruptcy law;

E. Recognizing that the automatic stay under 11 U.S.C. § 362 shall remain in effect to the extent and for the duration provided by applicable law, unless modified or terminated by further Order of this Court or by operation of law;

F. Reserving issues concerning claim allowance, Chapter 13 eligibility, discharge, and confirmation not otherwise adjudicated; and

G. Granting such other and further relief as the Court deems just and proper.

**CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 9013-1(a)**

Undersigned counsel certifies that on October 9, 2026, counsel communicated with the paralegal staff at Navitas by phone and was instructed to file the Motion without prejudice or limitation to Navitas' rights and that it would be reviewed by their counsel.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 910(A).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY,** that a true and correct copy of the foregoing was sent via ECF to the Debtor's and Nancy K. Neidich, Trustee and U.S. Mail on October 9, 2026 and to all parties on the service list.

Respectfully submitted:
October 9, 2026

**Jose A. Blanco, P.A.**
By: */s/ Jose A. Blanco* | FBN: 062449
Attorney for Debtor(s)
102 E 49th ST
Hialeah, FL 33013,
Tel. (305) 349-3463
E-mail: jose@blancopa.com